UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re

Case No. 14-81159-WRS
Chapter 13

DERRICK MADDOX
DONNA MADDOX,

      Debtors

DERRICK MADDOX and
DONNA MADDOX,

      Plaintiffs

Adv. Pro. No. 15-8011-WRS

  v.

CAPITAL ONE, N.A. and
ASCENSION CAPITAL GROUP INC.,

      Defendants

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court on the Motion to Dismiss filed by Defendant Capital One. (Doc. 5). Defendant Ascension Capital has joined in the motion. (Doc. 24). The Court heard argument on the motion on April 21, 2015. For the reasons set forth below, the motion to dismiss is DENIED.

## I. FACTS

As this Adversary Proceeding is before the Court on a motion to dismiss, the facts alleged in the complaint are assumed to be true. Plaintiffs Derrick and Donna Maddox filed a joint petition in bankruptcy pursuant to Chapter 13 on May 8, 2008, initiating Case No. 08-80558. (First Case). Capital One timely filed a secured claim in the

amount of $6,348.00 in the first case, contending that it held a security interest in a 2004 Hyundai Accent. Capital One also filed a motion for relief from the automatic stay in the first case, which was granted by this Court's Order of August 19, 2009. (Case No. 08-80558, Doc. 65). The first case was converted from Chapter 13 to Chapter 7 on September 2, 2009, and a Chapter 7 discharge was entered on January 12, 2010. (Case No. 08-80558, Doc. 82). The indebtedness owed to Capital One was not reaffirmed as provided by 11 U.S.C. § 524(c) in the first case.

The Plaintiffs filed another Chapter 13 petition on September 5, 2014, initiating a second case which is the underlying bankruptcy case here. (Case No. 14-81159, Doc. 1). On January 5, 2015, Capital One filed Proof of Claim No. 12 in the amount of $2,975.00, which it contends is still secured by the same 2004 Hyundai Accent. (Case No. 14-81159, Claim No. 12). Apparently, Capital One did not repossess the vehicle, notwithstanding the fact that they had filed a motion for relief from the automatic stay in the first case. The Proof of Claim filed in the second case bears the following legend:

> Creditor reserves the right to amend its claim to seek a deficiency balance, if any, in the event creditor's collateral is liquidated.

In response to Proof of Claim No. 12, the Plaintiffs filed a complaint alleging that the proof of claim filed in the second case violates the discharge injunction entered in the first case and also violates the Fair Debt Collection Practices Act. (Doc. 1). In response to the complaint Capital One filed the instant motion to dismiss the claim for violation of the discharge injunction. (Doc. 5). For the reasons set forth below, the motion is denied.

## II. CONCLUSIONS OF LAW

### A. Jurisdiction

This Court has jurisdiction to hear this matter pursuant to 11 U.S.C. § 1334(b). Conseco, Inc. v. Schwartz (In re Conseco), 330 B.R. 673, 681 (Bankr. N.D. Ill. 2005). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(O). Ins. Co. of N. Am. v. NGC Settlement Trust & Asbestos Claims Mgmt. Corp. (In re National Gypsum Co.), 118 F.3d 1056, 1063-65 (5th Cir. 1997).

### B. Motion to Dismiss Standard

Capital One's motion to dismiss is governed by Rule 12(b)(6), Fed. R. Civ. P., as made applicable to these proceedings pursuant to Rule 7012, Fed. R. Bankr. P. The Court accepts all well-pleaded factual allegations as true and construes them in favor of the Plaintiffs. Lopez v. First Union Nat'l Bank of Fla., 129 F.3d 1186, 1189 (11th Cir. 1997). A complaint is dismissed only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. To survive a motion to dismiss, the complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). A claim is plausible when, from the face of the complaint, the facts alleged are "enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).

3

**C. The Plaintiffs' Complaint States a Claim for a Violation of the Discharge Injunction**

The question presented is whether a complaint alleging a violation of the discharge injunction that arises out of the filing of a fully secured proof of claim by a non-recourse secured creditor, when that creditor has not repossessed its collateral after five years and has expressly reserved the right to seek a discharged deficiency balance, states a claim for relief which survives a Rule 12(b)(6) motion to dismiss. The Plaintiffs allege that the Defendants violated the discharge injunction entered in the first case when they filed a proof of claim in the second case. (Doc. 1). The Defendants contend that Capital One has a valid secured claim, notwithstanding the discharge entered in the first case, by virtue of their security interest in a 2004 Hyundai Accent, and for that reason they could properly file a secured claim without running afoul of the discharge injunction.

The discharge injunction is contained in 11 U.S.C. § 524(a)(2), which provides that "[a] discharge in a case under this title – . . . (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor[.]" This shows that the discharge injunction affects only acts to recover debts as the "personal liability of the debtor" and does not bar acts of a secured creditor to exercise its rights to recover collateral – including its right to file a secured claim in a subsequent bankruptcy case – as these are purely *in rem* rights which were not affected by the discharge. Section 524(a)(2) draws a distinction between the enforcement of *in personam* liability, which is enjoined, and the enforcement of *in rem* liability with respect to property, which is not. Johnson v.

4

Home State Bank, 501 U.S. 78, 82-83, 111 S. Ct. 2150, 2153-54 (1991) (holding that a mortgage interest survives a discharge in bankruptcy and is a claim within the meaning of 11 U.S.C. § 101(5) even though personal liability is discharged).

In Johnson, a debtor filed a Chapter 13 bankruptcy case after receiving a discharge in a previous Chapter 7 bankruptcy case without reaffirming his mortgage. 501 U.S. at 80-81, 111 S. Ct. at 2151. The debtor filed a Chapter 13 plan which provided that he would keep his farm and pay the mortgage, recognizing that the Bank continued to hold a mortgage on the farm. Id. at 81. The Bank argued that the discharge in the prior case left it without a claim which could be dealt with in a Chapter 13 plan. Id. The Supreme Court held that the Bank still held a claim which would be dealt with in a Chapter 13 plan, notwithstanding the fact that the debtor's personal liability had already been discharged. Johnson, 501 U.S. at 84-87, 111 S. Ct. at 2154-56.

Capital One argues that the Supreme Court's holding in Johnson dictates that it continues to hold a claim, notwithstanding the discharge of personal liability; it therefore follows that if Capital One holds a claim, it should be permitted to file a proof of claim without incurring liability. The difference between this case and Johnson is that in this case, Capital One expressly purports to reserve an unsecured claim for a deficiency – which is what had been discharged – while the Bank in Johnson did not contend that it held anything but an *in rem* claim against the farm. For this reason, Johnson does not support Capital One's position here.

Secured claims are fundamentally different from unsecured claims. A creditor with an unsecured claim holds only an *in personam* claim against the debtor and does not

have a lien attaching to any of the debtor's property.  The assertion of an unsecured claim is necessarily an act to recover a claim as a personal liability of the debtor because an unsecured claim has no *in rem* rights in any of the debtor's property.  In a case involving an unsecured claim, this Court held that the act of filing a proof of claim on an unsecured claim in bankruptcy to collect a debt against the estate, where the debt was discharged in a previous bankruptcy proceeding, is a violation of the discharge injunction.  <u>McLean v. Greenpoint Credit, LLC</u>, AP No. 13-1008, 2013 WL 5963358 (Bankr. M.D. Ala. Nov. 8, 2013), *affirmed* 515 B.R. 841, 846 (M.D. Ala. 2014), *appeal docketed* No. 14-14002 (11th Cir. Dec. 31, 2014); <u>see also</u> <u>Moore v. Comenity Capital Bank (In re Moore)</u>, 521 B.R. 280, 288 (Bankr. E.D. Tenn. 2014) (holding that the act of filing a proof of claim on a discharged debt may be a violation of the discharge injunction).  A secured claim is different because a creditor has a property interest – an *in rem* interest – in the property of the debtor.  11 U.S.C. § 506.  The *in rem* interest – the lien – survives a discharge in bankruptcy.

As a matter of good practice, a creditor who holds a secured claim where *in personam* liability has been discharged should include language in its proof of claim which negates any intention to hold an unsecured claim to the extent the value of the collateral may be found to be less than the amount of the debt.  Two examples of language which could accomplish this are as follows: (1) "The creditor claims only *in rem* liability, to the extent of the value of the named collateral, and not *in personam* liability"; or (2) "The underlying indebtedness attaches only to the collateral, and the creditor does not seek recourse against the debtor or the estate."  In this case, the Defendants did not simply fail to

include a disclaimer of an *in personam* claim; rather, they expressly asserted it was their intention to hold Plaintiffs liable for an *in personam* claim.

Capital One argues in its motion that "[t]here is not one fact in the complaint that would lead to a plausible conclusion that Capital One tried to collect its debt against the Debtors personally." (Doc. 5, p. 7). Capital One's argument is expressly contradicted by its own proof of claim where it stated, to the contrary, that "Creditor reserves the right to amend its claim to seek a deficiency balance, if any, in the event creditor's collateral is liquidated." (Case No. 14-81159, Claim No. 12). In its brief in support of its motion to dismiss, Capital One fails to explain the language in the proof of claim purporting to assert personal liability on the Debtors' discharged debt – the essence of a violation of the discharge injunction.

There is an additional difficulty with Capital One's position here. Capital One was granted relief from the automatic stay in Case No. 08-80558 on August 19, 2009. (Case No. 08-80558, Doc. 65). The present Chapter 13 case was filed more than five years later on September 5, 2014. (Case No. 14-81159, Doc. 1). As soon as the Court granted Capital One relief from the automatic stay, it was free to repossess the 2004 Hyundai. Yet it did not do so, and the record is silent as to why. The most plausible explanation is that the vehicle was in such poor condition that it was not worth taking.

At the April 21, 2015 hearing, counsel for the Plaintiffs stated that the vehicle had been in the possession of Mr. Maddox's aunt and that the Plaintiffs thought the vehicle had been repossessed by Capital One. The Plaintiffs' first set of Schedules made no mention of a 2004 Hyundai (Case No. 14-81159, Doc. 1), providing some support for the

7

Case 15-08011    Doc 26    Filed 05/15/15    Entered 05/15/15 11:00:46    Desc Main
                         Document      Page 7 of 10

contention that the Plaintiffs did, in fact, think that Capital One had taken the vehicle. All of this is to say that if Capital One has abandoned its *in rem* claim against the 2004 Hyundai, its act of filing a proof of claim, with the offending legend, can only mean that it sought to impose *in personam* liability, further undercutting Capital One's argument that filing its proof of claim was solely an effort to realize on its collateral. The Court is mindful that this Adversary Proceeding is before the Court on a motion to dismiss. While the record on this point is scant, the Court may draw reasonable inferences in favor of the non-moving party. The most logical inference one may draw from these facts is that Capital One abandoned its *in rem* claim. This apparent abandonment of its *in rem* claim, coupled with a proof of claim expressly asserting *in personam* liability, is a sufficient basis upon which to defeat Capital One's motion to dismiss.

Further support for the Plaintiffs' claim that Capital One violated the discharge injunction may be found in a decision handed down by the First Circuit in Pratt v. Gen. Motors Acceptance Corp. (In re Pratt), 462 F.3d 14 (1st Cir. 2006). In Pratt, the Chapter 7 debtors surrendered their vehicle and discharged their indebtedness on it. Pratt, 462 F.3d at 16. The secured creditor decided not to repossess it, so the debtors retained possession after receiving their discharge. Id. When the car became inoperable the debtors attempted to dispose of it, but could not get a salvage yard to pick it up and "junk" it because Maine law requires a clean certificate of title for that. Id. The creditor, however, refused to release its lien on the vehicle unless the debtors repaid the debt. Id. The First Circuit held that the creditor's refusal to either repossess the vehicle or release its lien was sufficiently coercive to constitute a violation of the discharge injunction. Id. at 20-21.

8

Admittedly, the facts in the case at bar are distinguishable from those in Pratt. However, the Court finds support for the Plaintiffs' position there. Both cases involve a lender with a security interest in a vehicle which is not worth repossessing. In Pratt, the creditor was using the hulk of a worthless car to coerce payment. In the case at bar, Capital One is doing something similar: it is attempting to bootstrap an unsecured deficiency claim to its non-recourse claim by filing a proof of claim that would allow it to be paid – by the Plaintiffs – through estate distributions. In both situations, nominally secured creditors are attempting to coerce payment of their now discharged debt. There are sufficient parallels in these two cases to deny the motion to dismiss and to allow this case to go forward so that the Plaintiffs may attempt to prove a violation of the discharge injunction.

### III. CONCLUSION

By the express language in Capital One's proof of claim, it seeks to impose personal liability for a debt which was discharged in a previous bankruptcy case. This appears to be a violation of the discharge injunction. Moreover, it appears that Capital One may have abandoned its *in rem* claim five years ago, undercutting its argument here that its filing of a proof of claim is merely the lawful pursuit of its *in rem* claim. As it appears that

9

the Plaintiff's complaint alleges a plausible claim for relief, Capital One's motion to dismiss is DENIED. The Court will enter a separate order to this effect.

Done this 15th day of May, 2015.

/s/ William R. Sawyer

United States Bankruptcy Judge


c: Anthony B. Bush, Attorney for Plaintiffs
Russell J. Rutherford, Attorney for Capital One
Neal D. Moore III, Attorney for Ascension Capital